IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANI ADIA McCALL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-02744-C (BT) |
| | § | |
| FLAGSHIP CREDIT ACCEPTANCE, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shani Adia McCall brings this *pro se* civil action against Flagship Credit Acceptance. *See* Compl. (ECF No. 2). The Court granted McCall leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 6). For the reasons stated, the Court should dismiss McCall's complaint under 28 U.S.C. § 1915(e)(2)(B) and deny her motion for default judgment.

**Background**

On September 1, 2020, McCall filed this lawsuit against Flagship Credit Acceptance. Compl. 1. She summarily alleges that there has been a violation of the laws of the Consumer Credit Protection and Fair Debt Collection Practices Act. *Id.* Based on this conduct, McCall demands a default judgment "and a court seal of the case." *Id.*

1

**Legal Standards and Analysis**

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In her handwritten complaint, McCall alleges that there has been a "violation of the laws of the Consumer Credit Protection and Fair Debt Collection Practices Act." Compl. 1. And she attaches numerous printed documents, including multiple copies of documents entitled "Preliminary Forensic Audit Report," "Freedom of Information Request & Request for Affidavit Certifying Affirmation of Statutory Obligation made to," "Freedom of Information Request For SEC Registration Status & Securitization Inquiry," "Interrogatives Depositions for Disclosure & Discovery," "Affirmation of Cancellation of Contract by Grantor/Trustor/Primary Issuer & Administrative Default Judgment," and "Identity Theft Report." McCall's attachments also include package tracking

information and photocopies of certified mail shipping labels. McCall names Flagship Credit Acceptance as the sole defendant, but she does not specifically state that it committed any violation of the Consumer Credit Protection and Fair Debt Collection Practices Act. Indeed, she fails to plead enough facts to allow the Court to infer that Flagship Credit Acceptance is liable for any misconduct.

The Court liberally construes McCall's complaint with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, McCall's complaint fails to plead sufficient facts to state a claim upon which relief can be granted. Her complaint should therefore be dismissed for failure to state a claim upon which relief can be granted.

## Conclusion

The Court should DISMISS McCall's complaint under 28 U.S.C. § 1915(e)(2)(B) and deny her motion for default judgment.

**SO RECOMMENDED**.

November 30, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).